UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ISAKA INVESTMENTS, LTD., et al.                                    PLAINTIFFS

v.                                                  CIVIL ACTION NO. 3:05CV-795-S

XINO CORPORATION, et al.                                          DEFENDANTS

### MEMORANDUM OPINION

This matter is before the court on motions of the defendants, Xino Corporation, et al., to dismiss or alternatively to transfer the action to the United States District Court for the Central District of California (DNs 18, 19).  The plaintiffs, Isaka Investments, Ltd., et al., have filed a motion of their own seeking transfer of venue to the Central District of California (DN 20).

The defendants moved for dismissal pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction over the defendants.  The plaintiffs did not respond to the motions to dismiss.  Instead, the plaintiffs filed a motion to transfer venue under 28 U.S.C. § 1404(a) long after the time for responding to the motions to dismiss had passed.  The plaintiffs urge that justice and convenience would be served by transferring the action rather than dismissing it.

The burden rests with the plaintiff to establish that personal jurisdiction exists.  When a properly supported motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) is filed, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction.  *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).  The plaintiffs have not disputed that dismissal is proper under Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction over the defendants.

In the Sixth Circuit, the appropriate venue statute is 28 U.S.C. § 1406(a) where transfer is sought in actions in which the court lacks personal jurisdiction over the defendants. *See, Martin v. Stokes*, 623 F.2d 469 (6th Cir. 1980). In accordance with 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Thus in the absence of personal jurisdiction, the court may, in the interest of justice, transfer the case to a judicial jurisdiction where personal jurisdiction over the defendant is present and venue is proper. As with § 1404(a), transfer under § 1406(a) is discretionary with the court. *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998).

The defendants do not dispute that the United States District Court for the Central District of California would have personal jurisdiction over the defendants[1] and that venue would be proper there. However, they seek a transfer only as the last alternative to continued litigation in this court. They frame their request in terms of convenience of the parties under 28 U.S.C. § 1404(a) only in the event that this court should find that personal jurisdiction exists over the defendants in Kentucky. Rather than litigate in this jurisdiction, they would seek a transfer for convenience to California. They otherwise oppose a transfer. They have filed also supplemental memoranda in support of their motions to dismiss (DNs 21, 24), bringing to the court's attention that the plaintiffs have not disputed any of the bases for their motions to dismiss.

The court concludes, in its discretion, that dismissal rather than transfer is the appropriate remedy on the defendants' motions to dismiss. The plaintiffs have not articulated any basis for an

---

[1] Defendant Michael Hinton is a Colorado resident. He states that he is a member of the board of directors since 1997 and president since 2003 of defendant, Xino Corporation. Xino Corporation had its principal place of business in California from 1998 through August, 2003. Since August, 2003, its principal place of business has been Colorado Springs, Colorado. Via affidavit, Hinton consented to jurisdiction of the United States District Court for the Central District of California should the action be transferred there. *See,* January 30, 2006 Affidavit of Michael Hinton, attached as an exhibit to Motion to Dismiss by Defendants Xino Corporation, Michael Hinton, and Joseph Dunn (DN 18). Upon a dismissal of this action, such consent to jurisdiction may prove ineffectual. However, the plaintiffs would find themselves in no worse a position in attempting to obtain personal jurisdiction over Hinton in California than in Kentucky where no contacts with the jurisdiction whatsoever have been shown.

- 3 -

assertion of personal jurisdiction over the defendants in Kentucky, as they have not controverted the

motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2).  The court therefore finds that it lacks personal

jurisdiction over the defendants in this action.  The court further concludes that, under 28 U.S.C. §

1406(a), the interests of justice do not require transfer of the action.  The motions to dismiss

pursuant to Fed.R.Civ.P. 12(b)(6) stand uncontroverted in the record.  The court is disinclined to

transfer the matter to another jurisdiction and thus subject the defendants to the costs of further

litigating wholly unopposed motions to dismiss for failure to state claims upon which relief may be

granted.  The court does not decide whether the complaint states claims upon which relief may be

granted.  Our dismissal will be without prejudice, as we lack jurisdiction to proceed further herein.

A separate order will be entered this date in accordance with this opinion.